UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEAN P. O'BRIEN, | ) | NO. ED CV 05-418-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that the opinion of the Commissioner of Social Security is AFFIRMED because it is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On May 26, 2005, plaintiff, Sean P. O'Brien ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On August 15, 2005, the parties filed a consent to proceed before the magistrate judge. On September 1, 2005, plaintiff filed his brief. On October 3, 2005, defendant filed a brief in opposition to the relief requested in the complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On April 14, 2003, plaintiff, who was in his mid-30s at the time, filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability since October 3, 2001 due to degenerative arthritic bone disease complicated by knee surgery. (TR 51-53, 64, 191-93).[1] The applications were denied initially and upon reconsideration. (TR 23-26, 194-201).

On September 16, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 34). On August 9, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 202-28). The ALJ also considered vocational expert ("VE") testimony. On November 19, 2004, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, because there are sedentary jobs he could perform notwithstanding his knee and cervical impairments. Thus, plaintiff was not eligible for benefits. (TR 12-18). On January 18, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 7). On March 28, 2005, the request was denied. (TR 4). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

order and, except as otherwise noted, materially summarizes the evidence in the case.

## PLAINTIFF'S CONTENTIONS

Plaintiff essentially contends he is disabled and entitled to benefits because the ALJ failed to:

1. Properly consider his treating physician's opinion;
2. Make proper credibility findings; and,
3. Pose a complete hypothetical to the VE.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995).

## DISCUSSION

1.   The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

3

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2. Issues

   A. Treating Physician

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of his treating

4

1 physicians, whose illegible signatures appear on clinical notes giving
2 him a disability excuse from work on October 24, 2002. (TR 153).
3     A treating physician's opinion generally is entitled to great
4 weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)
5 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989));
6 Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating
7 physician's opinion is not, however, necessarily conclusive as to
8 either a physical condition or the ultimate issue of disability."
9 Andrews v. Shalala, 53 at 1041 (citing Magallanes v. Bowen, 881 F.2d
10 at 751). The weight given a treating physician's opinion depends on
11 whether it is supported by sufficient medical data and is consistent
12 with other evidence in the record. See 20 C.F.R. §§ 404.1527,
13 416.927.
14     The record in this case reveals that plaintiff had right knee
15 arthoscopic surgery for a variety of right knee conditions on October
16 10, 2001. (TR 93). Following that surgery, he continued to see
17 physicians complaining of pain and instability.
18     It is not clear that the notation in the record to which
19 plaintiff refers was, in fact, signed by a physician or physicians or
20 that these individuals saw or interviewed him more than once.
21 Moreover, the term "disability" is not defined in this brief notation.
22 Thus, there is no indication that the term was intended to define
23 disability as the inability to work for at least 12 months, as
24 disability is defined by the Act, or whether it was intended to
25 provide plaintiff with a much briefer excuse from work. Also,
26 disability determinations by other organizations or agencies are not
27 binding on the Social Security Administration. 20 C.F.R. §§ 404.1504,
28

1  416.904; Young v. Sullivan, 911 F. 2d 180, 185 (9th Cir. 1990).
2  Moreover, it is the responsibility of the ALJ, not plaintiff's
3  physician, to determine plaintiff's residual functional capacity.
4  Vertigan v. Halter, 260 F. 3d 1044, 1049 (9th Cir. 2001).
5       The ALJ did not materially err in failing to consider this brief
6  notation in the medical records.
7       B.   Credibility
8       Plaintiff contends the ALJ erred in his credibility findings
9  because he did not consider plaintiff's use of a cane, the use of the
10 pain medication Ultram and its side effects and plaintiff's testimony
11 regarding his inability to care for his personal needs.
12      If the Commissioner finds plaintiff's allegations of severity not
13 credible, the Commissioner must make specific findings which support
14 this conclusion.  The Commissioner's findings, properly supported by
15 the record, must be sufficiently specific to allow a reviewing court
16 to conclude that the Commissioner rejected plaintiff's testimony on
17 permissible grounds and did not arbitrarily discredit plaintiff's
18 testimony regarding pain.  Bunnell v. Sullivan, 947 F.2d 341, 345-46
19 (9th Cir. 1991).  The Commissioner may discredit plaintiff's
20 allegations based on inconsistencies in the testimony or on relevant
21 character evidence.  Id. at 346.
22      If plaintiff is able to spend a substantial part of the day
23 engaged in pursuits involving the performance of physical functions
24 that are transferable to a work setting, this fact may be sufficient
25 to discredit an allegation of disabling pain.  Unexplained, or
26 inadequately explained, failure to seek treatment or follow a
27 prescribed cause of treatment may be sufficient to discredit an
28

1  allegation of disabling pain.  Fair v. Bowen, 885 F.2d 597, 603 (9th
2  Cir. 1989).
3     In this case, the ALJ made the following findings with respect to
4  plaintiff's allegations of disabling pain:

> First, the [plaintiff] is not taking the type of pain
> medication associated with severe disabling pain.  In fact,
> the [plaintiff] has refused medications as he states that
> they upset his stomach.  Second, the [plaintiff's] new MRI
> shows that there has been no change in the [plaintiff's]
> condition since his last one on February 27, 2002.  Third,
> although the [plaintiff] has requested a wheelchair, it was
> not prescribed by his physician.  Fourth, the [plaintiff] is
> not undergoing physical therapy.  Fifth, the [plaintiff] is
> not undergoing any psychological treatment.  Sixth, the
> [plaintiff] has rejected steriodal injections for his knee.
> Seventh, although the [plaintiff] is credible about his
> arthritis, there is no evidence or opinion in the record
> that indicates that the [plaintiff] cannot stand and/or walk
> for a total of 2 hours in any 8 hour day.  Eighth, the
> [plaintiff] does not allege that he cannot perform his
> personal needs without assistance.  Ninth, the [plaintiff]
> was capable of attending the hearing and participating in
> his own behalf.

15  (TR 15-16).
16     Plaintiff testified at the hearing that he has the sole care of
17  his 5 year old daughter, that he takes care of his personal grooming,
18  cooks, drives short distances and infrequently vacuums, dusts and
19  mops.  (TR 207-08).  He could perform more household tasks if he could
20  do them sitting down.  (TR 209).  He said he has more mobility this
21  year than before and he has gotten a little bit accustomed to the
22  pain. (TR 218).  While he takes Ultram when the pain is particularly
23  severe, he stopped using medication which made him feel sick or
24  "catatonic" because of his responsibility to his daughter.  (TR 213).
25     Although the ALJ did not specifically mention the Ultram by name
26  or plaintiff's use of a cane, in finding that plaintiff could do
27  **sedentary** work, the ALJ's findings, which are supported by the record,

7

are free from material legal error.

C. <u>Vocational Expert Testimony</u>

Plaintiff argues that the ALJ erred because his hypothetical to the VE did not incorporate plaintiff's use of a cane. Plaintiff correctly states that the record reflects his testimony that he uses a cane or supports his weight on furniture. (TR 220).

For an ALJ's hypothetical to a VE to be valid, it must include all of a plaintiff's limitations. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 956 (9th Cir. 2002). However, it need not include limitations not supported by objective medical evidence when plaintiff is found not credible. <u>Id</u>. at 959. Here, while the ALJ ascertained that the VE reviewed plaintiff's testimony (which included his use of a cane) before answering the ALJ's hypothetical questions, the hypothetical to the VE did not expressly include plaintiff's use of a cane. However, the ALJ's hypothetical posited an individual limited to **sedentary** work. (TR 225). Thus the error, if any, in not specifically mentioning the use of a cane is harmless. <u>See, e.g.</u>, <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1129-30 (9th Cir 1990).

CONCLUSION

Plaintiff clearly has a severe knee impairment. However, a plaintiff who can still perform work in the national economy, even with a severe impairment, is not disabled as that term is defined by the Act. <u>See</u> <u>generally</u> <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1395 (9th Cir. 1991). Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d at 1457.

1      After careful consideration of the record as a whole, the
2 magistrate judge concludes that the Commissioner's decision is
3 supported by substantial evidence and is free from material legal
4 error.  Accordingly, it is ordered that judgment is entered in favor
5 of defendant Commissioner of Social Security.
6      DATED: 10/13/05

                                    / S /
                            CAROLYN TURCHIN
                            UNITED STATES MAGISTRATE JUDGE